COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | |
|---|---|
| **ADAM INGRAM**<br>**4003 Walker Drive**<br>**Cleves, OH 45002**<br><br>　　　　**Plaintiff,**<br><br>vs.<br><br>**THE CENTRAL RAILROAD COMPANY**<br>**OF INDIANA**<br>**2856 Cypress Way,**<br>**Cincinnati, OH 45212**<br><br>and<br><br>**GENESEE & WYOMING RAILROAD**<br>**SERVICES, INC.**<br>**20 West Ave.**<br>**Darien, CT 06820**<br><br>and<br><br>**INEOS ABS (USA) LLC**<br>**356 Three Rivers Pkwy**<br>**Addyston, OH 45001**<br><br>and<br><br>**INEOS STYROLUTION AMERICA LLC**<br>**356 Three Rivers Pkwy**<br>**Addyston, OH 45001**<br><br>and<br><br>**ABC CORPORATIONS 1-20**<br>**Names and Addresses Unknown**<br><br>　　　　**Defendants.** | **Case No.:** _____<br><br>**Judge** _____<br><br><br><br><br><br><br><br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND**<br>**ENDORSED HEREON** |

Plaintiff Adam Ingram, by his undersigned attorneys for this Class Action Complaint, alleges upon personal knowledge as to himself and his own actions, and upon information and

belief, including the investigation of counsel, as to all other matters, as to which allegations he believes substantial evidentiary support exists or will exist after a reasonable opportunity for further investigation and discovery, as follows:

## NATURE OF THIS ACTION

1. This is a class action brought on behalf of thousands of individuals and many businesses damaged, traumatized, and otherwise injured by Defendants The Central Railroad of Indiana, Genesee & Wyoming Railroad Services, Inc., INEOS ABS (USA) LLC, INEOS Styrolution America LLC, and ABC Corporations 1-20, whose names and addresses are unknown at this time (collectively "Defendants"). Defendants' reckless and negligent actions and/or omissions in permitting a tanker car (the "Tanker Car") filled with a dangerous, hazardous chemical reported to be styrene (hereafter "hazardous chemical" or "styrene) to leak into the atmosphere and the surrounding area in Whitewater Township, Ohio, near US-50, OH-128 and Valley Junction Road.

2. As a direct consequence of Defendants' reckless and negligent actions and/or omissions, the hazardous chemicals within the Tanker Car began leaking, releasing the hazardous chemical, and exposing thousands of individuals to toxic amounts of the hazardous chemical. The release of toxic amounts of the hazardous chemical, combined with the very real danger of explosion, necessitated emergency evacuations of citizens and the closing of businesses and other entities in the surrounding area.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties because Plaintiff is an Ohio resident, and Defendants conduct substantial business in Ohio. Further, most of the events, actions,

inactions, decisions, wrongful conduct and transactions complained of herein occurred and caused injury in Ohio and/or originated in and were controlled from Ohio.

4. Venue is proper in Hamilton County, Ohio, because Defendants' actions occurring here in Hamilton County gave rise to the claims for relief and/or because Hamilton County, Ohio, is the county in which all or a part of the claims for relief arose and where the injuries of Plaintiff and Class Members were suffered. In addition, Plaintiff resides in Hamilton County, Ohio.

5. More than two-thirds of the putative class and at least one Defendant is a resident of the State of Ohio. Plaintiff and Class Members assert no claim raising a federal question. Plaintiff's state law causes of action are not federally preempted. Ohio law applies and may constitutionally be applied to Plaintiff and each class member's claim. The acts of which Plaintiff complains on behalf of himself and all Class Members stem from conduct that occurred and caused injuries in Ohio.

## PARTIES

6. Plaintiff Adam Ingram resides at 4003 Walker Drive, Cleves, Ohio 45002. Plaintiff suffered loss of time, loss of use and enjoyment of his home, and emotional damages as a result of the hazardous chemical spill.

7. Defendant The Central Railroad Company of Indiana ("Central Railroad") is incorporated under the laws of the State of Indiana and headquartered in Cincinnati, Ohio, and is licensed to conduct business in Ohio, including Hamilton County.

8. Defendant Genesee & Wyoming Railroad Services, Inc. ("Genesee") is a corporation incorporated under the laws of the State of Delaware and headquartered in Darien, Connecticut, and is licensed to conduct business in Ohio, including Hamilton County.

9. Defendants Ineos ABS (USA), LLC, and Ineos Styrolution America, LLC, are limited liability companies organized under the laws of the State of Delaware that, upon information and belief, produced or owned the styrene in question, leased the Tanker Car that transported it, and made arrangements for its transportation.

10. Defendants ABC Corporations 1-20, names unknown and addresses unknown, are believed to be predecessors, successors-in-interest or other separate corporate entities involved in, related to, or otherwise participating in the manufacture, transport, maintenance, control, oversight, monitoring, inspection, stabilization, or design of the Tanker Car and/or its contents as well as the rail line upon which the leaking Tanker Car was located. Plaintiff could not discover, despite the exercise of reasonable diligence, the names of these defendants. Upon information and belief Defendants ABC Corporations 1-20 actively participated in the unlawful conduct alleged herein.

## FACTS

11. Upon information and belief, Defendants leased and/or owned a Tanker Car which contained styrene, a hazardous chemical.

12. On Tuesday, September 24, 2024, at approximately 12:30 p.m., local officials became aware that the Tanker Car containing the hazardous chemical had sprung a leak, causing styrene gas and other hazardous and ultra-hazardous chemicals to escape into the air. The railyard where the Tanker Car failed is owned by Central Railroad and/or Genesee.

13. On the afternoon of September 24, 2024, based on fear of explosion, emergency officials evacuated all individuals residing or working within a one-half mile radius of the location of the Tanker Car. At present, it is unknown to the public when the Tanker Car first began leaking.

14. Styrene is a "toxic air contaminant" as defined by Adm.Code 3745-114-01. It is a toxic and flammable gas used to make plastic, paint and rubber.

15. Hundreds of properties were evacuated and thousands of people were forced to remain behind closed doors, with all windows sealed, and air-conditioners off.

16. Numerous other individuals who were not evacuated and who were beyond the small radius were exposed to the Hazardous Chemicals without warning.

17. Styrene is absorbed by the human body through the skin, lungs, and/or intestines. It has a sweet aromatic odor at low concentrations and a sharp penetrating odor at high concentrations. Styrene is a known skin and eye irritant. Acute exposure to styrene causes symptoms, including but not limited to burning sensations in the nasal and bronchial passages; irritation, burning, and blistering of the skin when the skin is exposed; nausea; headaches; drowsiness, dizziness, and weakness (anesthetic effects); vomiting; central nervous system depression; dermatitis; and other symptoms.

18. According to the International Agency for Research on Cancer (IARC), scientific studies of styrene demonstrate that styrene causes cancer in lab animals and highly exposed humans in the rubber industry. As a result, IARC has labeled styrene as a Class 2 carcinogen and people should avoid contact with styrene.

19. As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff and Class were caused to suffer personal injuries, including but not limited to, fear of future injury, loss of use and enjoyment of their property, loss of time, and loss of business opportunity.

20. As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff and Class will require clinical evaluations, epidemiological analysis based on all available evidence, and a medical monitoring program to determine the impact that the hazardous chemicals exposure has had on their health.

21. As a direct and proximate result of the acts and/or omissions of Defendants, Plaintiff and Class Members were caused to leave the peace and enjoyment of their homes, their outdoor property, their streets, their yards, and parks and/or their businesses as a direct and proximate result of the release of harmful and obnoxious quantities of styrene and other hazardous and ultra-hazardous chemicals and from the threat of explosion resulting from high concentrations of this highly flammable chemical.

22. When the release of the styrene occurred, Defendants were under an obligation to provide immediate notice to the public.

23. Defendants' actions constitute heedless disregard and reckless indifference to the safety of the general public as to constitute willful misconduct and gross negligence, and a conscious disregard for the safety and health of others.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings all claims herein as class claims pursuant to Ohio Civ.R. 23. The requirements of Rule 23 (A), (B)(2) and (B)(3) are met with respect to the Class defined below:

> **All persons who were forced to evacuate their homes, all businesses that were forced to close, and all individuals forced to remain indoors subject to a "shelter in place" order as a result of the chemical leak beginning on September 24, 2024.**

25. **Numerosity:** At this time, Plaintiff does not know the exact size of the Class; however, many property owners and businesses were forced to evacuate their premises as a result of this styrene leak. Many employees lost significant wages and earnings as a result of the forced closure of their respective employers. Further, upon information and belief, thousands of individuals outside of the evacuation radius from the Tanker Car were exposed to the hazardous chemical.

6

26. **Commonality:** There are questions of law or fact common to the Class, including at least the following:

   a. Whether Defendants negligently manufactured, transported, maintained, stabilized, controlled, oversaw, inspected, or monitored the Tanker Car or the Tanker Car's contents.

   b. Whether Defendants negligently maintained, monitored, oversaw, inspected, or controlled the rail line upon which the leaking Tanker Car was located.

   c. Whether Defendants acted with conscious disregard for the safety and health of Plaintiff and Class Members entitling Plaintiff and Class Members to punitive damages.

   d. Whether Defendants violated Adm.Code 3745-15-07 and created an absolute nuisance.

   e. Whether Defendants created a qualified nuisance.

   f. Whether Defendants' actions constitute negligence per se.

   g. Whether Defendants' actions constitute trespass.

   h. Whether Defendants are strictly liable.

   i. Whether Defendants are liable for the defective and unreasonably dangerous conditions of allowing a train car with toxic and hazardous substances to leak, allowing massive exposure to the Hazardous Chemicals.

   j. Whether the chemical released was, in fact, styrene.

   k. Whether Defendants' misconduct, violations of state, local, and other laws, and breaches of legal duties owed to businesses and residents of the community in the transporting, containing and storage of hazardous substances resulted in the Plaintiff's and Class Members' exposure to the Hazardous Chemicals.

7

27. **Typicality:** Plaintiff has the same interests in this matter as all other members of the Class, and his claims are typical of all members of the Class.

28. **Adequacy:** Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class actions. Plaintiff will fairly and adequately represent the interests of the Class Members and does not have interests adverse to the Class.

29. **Predominance and Superiority:** The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation. This action will be prosecuted in a fashion to ensure the Court's able management of this case. Further, there is little or no interest by members of the Class in individually controlling the prosecution of separate actions.

30. **Rule 23(b)(2):** A class pursuant to Rule 23(b)(2) is also appropriate because Defendants have acted or refused to act on grounds generally applicable to all members of the Class, thereby making appropriate preliminary and/or injunctive relief, and/or corresponding relief, in respect of the Class as a whole necessary.

## COUNT I – NEGLIGENCE

31. Plaintiff alleges all of the previous paragraphs as if set forth fully herein.

32. Defendants actively participated in the transportation of the styrene containing Tanker Car at issue in this litigation, and as such owed duties of care in that regard. Defendants owed a duty to Plaintiff and Class Members to exercise due care in manufacturing, transporting, maintaining, stabilizing, controlling, overseeing, inspecting and/ or monitoring the Tanker Car

8

and/ or the Tanker Car's contents. Additionally, Defendants owed a duty to maintain, monitor, oversee, inspect and/ or control the rail line upon which the leaking Tanker Car was located and to avoid the release of harmful quantities of toxic chemical substances and materials. Defendants also owed a duty to prevent the inappropriate storage of toxic chemicals for an extended period of time in urban settings.

33. Defendants breached these duties, and others, by negligently manufacturing, transporting, maintaining, stabilizing, controlling, overseeing, inspecting and/ or monitoring the Tanker Car and/ or the Tanker Car's contents. Further, Defendants breached this duty by allowing the Tanker Car containing styrene to leak into the atmosphere.

34. Defendants breached this duty by negligently manufacturing, maintaining, monitoring, overseeing, inspecting and/ or controlling the rail line upon which the leaking Tanker Car was located.

35. As a direct and proximate result of Defendants' negligent conduct, as alleged above, Plaintiff and Class Members suffered damages in an amount which will be proven at trial.

## COUNT II – ABSOLUTE NUISANCE

36. Plaintiff alleges all of the previous paragraphs as if set forth fully herein.

37. Adm.Code 3745-15-07, entitled "Air pollution nuisances prohibited,' provides:

"(A) The emission or escape into the open air from any source or sources whatsoever, of smoke, ashes, dust, dirt, grime, acids, fumes, gases, vapors, or any other substances or combinations of substances, in such manner or in such amounts as to endanger the health, safety or welfare of the public, or cause unreasonable injury or damage to property, is hereby found and declared to be a public nuisance. It shall be unlawful for any person to cause, permit or maintain any such public nuisance."

38. In violation of Adm.Code 3745-15-07, Defendants caused, permitted, maintained and allowed styrene fumes, vapors, odors, and other substances including but not limited to

9

hazardous and ultra-hazardous degradation products to escape from the Tanker Car and enter the open air, in such a manner and in such amounts where it endangered the health, safety, and welfare of the public, including Plaintiff and Class Members, and caused unreasonable injury and damage to property.

39. Violation of the standard of care and conduct listed in Adm.Code 3745-15-07 constitutes an unreasonable interference with a public right without regard to fault on the part of Defendants.

40. As a direct and proximate result of Defendants' actions in violation of Adm.Code 3745-15-07, Plaintiff and Class Members have been damaged in an amount that will be proven at trial.

## COUNT III – NUISANCE

41. Plaintiff alleges all of the previous paragraphs as if set forth fully herein.

42. Plaintiff has legitimate possessory rights in affected property near and surrounding the area in which the Tanker Car was sitting unattended and unmonitored and from which the styrene was released.

43. In allowing the hazardous chemicals to escape into the open air through their reckless and negligent conduct or omissions, Defendants significantly interfered with public health, safety, peace, comfort and/or convenience.

44. Defendants' conduct, as alleged above, resulted in physical discomfort and mental annoyance to Plaintiff and Class Members, has substantially interfered with Plaintiff's and Class Members' ability to enjoy and use their lands and neighborhoods, and to carry on their businesses.

45. The invasion of the use and enjoyment of Plaintiff's and Class Members' lands by Defendants was intentional and/or unreasonable.

46. The invasion of the use and enjoyment of Plaintiff's and Class Members' lands by Defendants was negligent, and/or reckless, and/or caused by an abnormally dangerous activity.

47. Defendants acted with intent in interfering with the use and enjoyment of Plaintiff's and Class Members' lands.

48. Defendants' activities violated certain state, and local laws, ordinances, and regulations.

49. These state and local laws, ordinances, and regulations, are intended to benefit the public and protect them from exposure to harmful quantities of toxic chemical compounds, and to further protect them from interference with the reasonable use and enjoyment of the lands

50. Defendants maintained a Tanker Car which released harmful quantities of styrene into the air, soil, and water.

51. The release of harmful quantities of styrene and potentially other hazardous chemicals is an unreasonable interference with the rights common to the general public to enjoy, peacefully and unimpeded, the air, soil, and water of the cities in Hamilton County, Ohio.

52. The release of harmful quantities of styrene and other hazardous chemicals involves a significant interference with the public health, safety, public peace, public comfort and public convenience of the citizens of the State of Ohio.

53. The release of harmful quantities of styrene and other hazardous chemicals is proscribed by statute, ordinance, and/or administrative regulations.

54. Plaintiff and Class in this action have sustained injuries special and distinct from injuries suffered by the general public, as Plaintiff and Class have specifically incurred personal injuries, lost business opportunity, and have been exposed to increased concentrations of annoying, obnoxious, foul, disgusting fumes and emissions emanating from the Tanker Car, and have been

11

caused to leave their homes, vacate the outdoors and/or leave their businesses on at least one occasion.

## COUNT IV – QUALIFIED NUISANCE

55. Plaintiff alleges all of the previous paragraphs as if set forth fully herein.

56. In allowing styrene to escape into the open air through their negligence, Defendants significantly interfered with public health, safety, peace, comfort and/or convenience.

57. The acts of Defendants, as alleged above, created a public nuisance because their actions interfered with the legal rights of Plaintiff and Class Members.

58. Defendants owed a duty to Plaintiff and Class Members to exercise due care in manufacturing, transporting, maintaining, stabilizing, controlling, overseeing, inspecting and/or monitoring the Tanker Car and/ or the Tanker Car's contents.

59. Additionally, Defendants owed a duty to maintain, monitor, oversee, inspect and control the rail line upon which the leaking Tanker Car was located.

60. Through their conduct as alleged above, Defendants breached the duty of care they owed to Plaintiff and Class Members.

61. As a result of that breach of due care, Plaintiff and Class Members have been damaged in an amount that will be proven at trial.

## COUNT V – NEGLIGENCE PER SE

62. Plaintiff alleges all of the previous paragraphs as if set forth fully herein.

63. In violation of R.C. Chapter 3704, Defendants allowed styrene fumes to escape from the Tanker Car and enter the open air, where it endangered the health, safety, and welfare of the public, including Plaintiff and Class Members.

64. Defendants' violation of R.C. Chapter 3704 constitutes negligence per se.

65. As a direct and proximate result of Defendants' negligence per se, Plaintiff and Class Members have suffered damages in an amount which will be proven at trial.

## COUNT VI – STRICT LIABILITY

66. Plaintiff alleges all of the previous paragraphs as if set forth fully herein.

67. Defendants are engaged in an abnormally and inherently dangerous activity in the manufacture, distribution, transportation, storage and use of styrene.

68. Defendants are strictly liable for any and all damages which may occur or arise out of their distribution, transportation, storage, use and handling of styrene regardless of their standard of care.

69. Plaintiff and Class Members have in fact been injured by their exposure to harmful quantities of styrene manufactured, distributed, transported, stored, used and handled by Defendants.

## COUNT VII – TRESPASS

70. Plaintiff alleges all of the previous paragraphs as if set forth fully herein.

71. Defendants caused harmful quantities of the hazardous chemicals to be released from the Tanker Car and to enter upon the land, soil, and water of the Plaintiff and Class Members.

72. Harmful quantities of the hazardous chemicals entered the Plaintiff and Class Members' land, soil, water, and breathing air.

73. Defendants knew, or should have known, that such discharges would enter onto Plaintiff's and Class Members' properties.

74. This trespass has resulted in damages to Plaintiff and Class Members as stated herein.

## COUNT VIII – MEDICAL MONITORING

13

75. Plaintiff alleges all of the previous paragraphs as if set forth fully herein.

76. As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff and Class Members face an increased susceptibility to injuries and this irreparable threat to their health can only be mitigated by the creation of a fund to provide for a medical monitoring program, including: funding of a study of the long term effects of exposure to the Hazardous Chemicals, funding a study of the long term effects of styrene within the human body, gathering and forwarding to treating physicians information relating to the diagnosis and treatment of injuries which may result from exposure to styrene, aiding in the early diagnosis and treatment of resulting injuries, and providing funding for diagnosis and preventable medical treatment.

77. Plaintiff and Class Members have no adequate remedy in law in that monetary damages alone do not compensate for the insidious and continuing nature of the harm to them, and only a monitoring program which notifies the recipients of an aid in correcting the problems can prevent the greater harms which may not occur immediately and which may be preventable if proper research is conducted and the health risks are diagnosed and treated before they occur or become worse.

78. Plaintiff and Class Members have suffered irreparable harm as alleged herein and, in the absence of equitable relief, will suffer further irreparable harm from exposure to styrene.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief in this action:

1. An order certifying that this action is properly maintainable as a class action as defined above and appointing Plaintiff and his undersigned counsel to represent the Class;

2. Injunctive relief requiring:

  (a) Defendants to provide, at their expense, for an investigation to determine any potential medical problems to which persons exposed to the styrene may be subjected and the proper procedures for diminishing the potential for any such problems;

  (b) Defendants to perform, at their expense, studies, analyses, medical tests, medical monitoring and remedial measures as are necessary, just and proper under the circumstances;

  (c) Defendants to provide, at their expense, a medical monitoring program to fund a study of the long term effects of exposure to styrene, to fund a study of the long term effects of styrene within the human body, to gather and forward to treating physicians information relating to the diagnosis and treatment of injuries which may result from exposure to styrene, to aid in the early diagnosis and treatment of resulting injuries, and to provide funding for diagnosis and preventable medical treatment; and

  (d) That all releases previously entered into, at least to the extent the releases relate to claims stemming from exposure to hazardous chemicals, be null and void;

3. An award of compensatory damages (including exposure damages) for Plaintiff and members of the Class in excess of $25,000 and all monetary relief authorized by law or referenced in the complaint;

4. An order that Defendants are jointly and severally liable and that Defendants must pay all appropriate damages in compensation to Plaintiff and Class Members;

5. An award of pre-judgment and post-judgment interest;

6. An award of punitive and exemplary damages;

15

7. An award of reasonable attorneys' fees and costs; and

8. Such other and further relief as this Court may deem just, equitable or proper.

Dated: September 25, 2024          Respectfully submitted,

*/s/ Joseph M. Lyon*
Joseph M. Lyon (0076050)
Clint C. Watson (0076050)
Kevin M. Cox (0099584)
**THE LYON FIRM**
2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333
Facsimile: (513) 766-9011
jlyon@thelyonfirm.com
cwatson@thelyonfirm.com
kcox@thelyonfirm.com

*Counsel for Plaintiff and the Putative Class*

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

*/s/ Joseph M. Lyon*
Joseph M. Lyon (0076050)

16